IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN L. HARTSOE,<br><br>    Plaintiff,<br><br>vs.<br><br>DONNA HEISEL,<br><br>    Defendant. | CV 15-00004-H-DLC-JTJ<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Mr. Hartsoe has filed an Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 1) and a proposed Complaint (Doc. 2). Mr. Hartsoe seeks to appeal a state court judgment. The Motion to Proceed in Forma Pauperis will be granted, but Mr. Hartsoe's claims are barred by the *Rooker-Feldman* doctrine and should be dismissed.

Mr. Hartsoe has submitted an application to proceed in forma pauperis that is sufficient to make the showing required by 28 U.S.C. § 1915(a). Because it appears Mr. Hartsoe lacks sufficient funds to prosecute this action, the Motion to Proceed in Forma Pauperis (Doc. 1) will be granted.

Pursuant to 28 U.S.C. § 1915(a), a complaint filed by any person proceeding in forma pauperis is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent the claims are frivolous, malicious, fail to state a claim upon

1

which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*quoting Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3); *see also Fiedler v. Clark*, 714 F.2d 77, 78–79 (9th Cir. 1983) (a federal court may dismiss *sua sponte* a complaint for lack of subject matter jurisdiction). Federal district courts do not have appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The *Rooker–Feldman* doctrine forbids a losing party in state court from filing suit in federal district court after the state proceedings have ended, complaining of an injury caused by a state court judgment, and seeking federal court review and

rejection of that judgment. *Skinner v. Switzer*, 562 U.S. 521 (2011).[1]

This jurisdictional bar extends to actions that are de facto appeals from state court judgments in that the federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). "Rooker–Feldman thus applies only when the federal plaintiff both asserts as [his] injury legal error or errors by the state court and seeks as [his] remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004).

Here Mr. Hartsoe lost in state court nearly three and a half years prior to filing suit in this Court. He seeks to appeal an August 29, 2011 Order granting summary judgment to Donna Heisel (his ex-wife) and ordering foreclosure on Mr. Hartsoe's interest in certain Lake County real property located in St. Ignatius, Montana. He raises as errors a "vulgar outburst" by Judge C.B. McNeil during a pre-trial hearing and Judge McNeil's decision that Mr. Hartsoe "didn't need to be [at the hearing on the motion for summary judgment]." (Doc. 2 at 2-3.) Mr.

---

[1] The *Rooker–Feldman* doctrine derives its name from two United States Supreme Court cases: (1) *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and (2) *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

Hartsoe alleges he has twice gone to the Twentieth District Court for Lake County on this issue and has twice taken the issue to the Montana Supreme Court. He has been denied relief. (Doc. 2 at 6.)

In an Order dated August 14, 2012, the Montana Supreme Court affirmed the grant of summary judgment. The Montana Supreme Court found that Mr. Hartsoe did not show that there were disputed material facts to undermine summary judgment but rather alleged various of his state and federal constitutional violations, violations of the Canons of Judicial Ethics, and violations of both federal and state rules of civil procedure. The Montana Supreme Court dismissed these arguments as they were not properly raised and did not address the grant of summary judgment. *Heisel v. Hartsoe*, DA 11-0543 (Mont., August 14, 2012).

Mr. Hartsoe then filed a civil action against Judge McNeil, seeking damages for Judge McNeil's acts while presiding over the telephone pretrial conference at issue in this case. The state district court dismissed the action on grounds of judicial immunity, and the Montana Supreme Court affirmed. *Hartsoe v. McNeil*, 366 Mont. 335, 286 P.3d 1211 (Mont. 2012).

This Court does not have jurisdiction to hear an appeal of a decision issued by a Montana state district and affirmed by the Montana Supreme Court. Mr. Hartsoe lost in state court in August 2011, long before the filing of this federal

4

claim. He complains of injuries caused by the state court judgment and asks this Court to review and reject the judgment of the state court. This is something this Court cannot do. *See Exxon Mobil Corp.*, 544 U.S. at 284. Mr. Hartsoe's claims are barred by the *Rooker-Feldman* doctrine. This matter should be dismissed.

The Court also finds Mr. Hartsoe's filing to be malicious. When an in forma pauperis prisoner files a complaint that repeats pending or previously litigated claims, the Court properly may dismiss it, or at least dismiss its repetitive portions, as frivolous or malicious under 28 U.S.C. § 1915(e)(2). *See Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (*citing* former § 1915(d)); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (same). One of the hallmarks of malicious litigation is the filing of an action that repeats former or pending litigation. *Phillips v. Carey*, 638 F.2d 207, 208–209 (10th Cir. 1981); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975). Mr. Hartsoe has filed multiple actions in state courts litigating this same issue. As he himself admits, the decision has been affirmed twice in Lake County and twice in the Montana Supreme Court. Mr. Hartsoe's filings constitute irresponsible litigation that should not be encouraged or subsidized by the generosity of the in forma pauperis statute. Accordingly, the Court should revoke in forma pauperis status for the purpose of appeal in this action.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Hartsoe's Motion to Proceed in forma pauperis (Doc. 1) is **GRANTED**. The Clerk shall file the Complaint without payment of the filing fee and edit the text of the docket entry for the Complaint to remove the word "LODGED." The Complaint is deemed filed on January 23, 2015.

2. At all times during the pendency of this action, Mr. Hartsoe must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

**RECOMMENDATIONS**

1. This matter should be **DISMISSED**.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. Given the frivolous and malicious nature of Hartsoe's Complaint, he should not be allowed to proceed in forma

pauperis on appeal.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Hartsoe may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 27th day of January, 2015.

      /s/ John Johnston
      John Johnston
      United States Magistrate Judge

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.