
FILED
FEB 24 2015
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN L. HARTSOE,<br><br>Plaintiff,<br><br>vs.<br><br>DONNA HEISEL,<br><br>Defendant. | CV 15–04–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered his order, findings, and recommendations on January 27, 2015, granting Plaintiff Hartsoe's motion to proceed in forma pauperis on the basis that he lacks sufficient funds to prosecute this action, pursuant to 28 U.S.C. § 1915(a). However, pursuant to 28 U.S.C. § 1915(e)(2), Judge Johnston reviewed Hartsoe's pleading to determine whether the allegations contained therein were sufficient to survive dismissal. Judge Johnston determined that Hartsoe's claims are barred by the *Rooker-Feldman* doctrine, and recommended that Hartsoe's action be dismissed as a result. Hartsoe failed to timely object to the findings and recommendations, and so waived the right to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The Court will therefore

-1-

review the record for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court adopts Judge Johnston's findings and recommendations in full.

"The *Rooker-Feldman* doctrine instructs that federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). "The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the de facto equivalent of such an appeal." *Id.* (citations omitted). "It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Id.* at 778 (citations omitted).

Hartsoe's Complaint expressly states that he appeals a Montana state district court order granting summary judgment against him, and seeks as his relief "[t]hat the order . . . be declared fraud/void." (Doc. 2 at 4.) This is plainly a direct appeal of a state court judgment, whereby Hartsoe complains of a legal wrong committed by the state court and asks this Court to correct it. There is no clear error in Judge Johnston's recommendation that Hartsoe's action against Defendant Heisel should be dismissed pursuant to *Rooker-Feldman*.

Judge Johnston also determined, after reviewing Hartsoe's history of state and federal court filings on the same issue presented in this case, that Hartsoe's Complaint was frivolous and malicious to the extent that his in forma pauperis status should be revoked for purposes of appeal. *See* 28 U.S.C. § 1915(e)(2)(B)(I). Hartsoe admits in his Complaint that he has "twice gone to the [state court] on this issue" and "twice . . . taken it to Montana's Supreme Court," and that each time he has been rebuffed. (Doc. 2 at 6.) Judge Johnston found, and this Court agrees, that "Hartsoe's filings constitute irresponsible litigation that should not be encouraged or subsidized by the generosity of the in forma pauperis statute." (Doc. 3 at 5.)

Accordingly, IT IS ORDERED that Judge Johnston's findings and recommendations (Doc. 3) are ADOPTED IN FULL. This matter is DISMISSED. The Clerk of Court shall CLOSE this matter and enter judgment in favor of Defendant Heisel.

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket reflect that the Court certifies, pursuant to Fed. R. App. P. 24(a)(3)(A), that any appeal of this decision would not be taken in good faith. Given the frivolous and malicious nature of Hartsoe's Complaint, he shall not be allowed to proceed in forma pauperis on appeal.

DATED this 24th day of February, 2015.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court